UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND RIDLEY,

        Petitioner,                        Case No. 07-14906
                                                    Honorable Paul D. Borman
v.

LINDA METRISH,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Raymond Ridley filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at Camp Lehman in Grayling, Michigan, alleges that he is incarcerated in violation of his constitutional rights. Petitioner filed his petition on November 15, 2007. Respondent filed an answer to Petitioner's petition on May 21, 2008, contending that the petition should be dismissed because Petitioner's only claim is unexhausted. For the reasons which follow, the Court concludes that Petitioner's claim is unexhausted and shall dismiss the petition without prejudice so that Petitioner may return to state court to exhaust his claim.

**I.    BACKGROUND**

Petitioner pleaded guilty in Genesee County, Michigan, Circuit Court to one count of possession with intent to deliver a controlled substance (cocaine), Mich. Comp. Laws § 333.7401(2)(a)(iii), in exchange for the prosecutor dismissing two other counts–possession with intent to deliver marijuana and maintaining a drug vehicle. Additionally, Petitioner was required to testify against his co-defendant, Victor Jerome Thomas. Petitioner was sentenced on August 27,

2002, to forty-months-to-twenty-years imprisonment on his sole conviction.

Petitioner did not challenge his July 2002 conviction in the state courts. On June 14, 2005, Petitioner was released on parole. His eighteen-month term of parole was scheduled to expire on December 14, 2006. However, on April 22, 2006, Petitioner was caught by the police in possession of a gun, which constituted a violation of his parole. In June 2006, the Michigan Parole Board held a formal parole-revocation hearing and decided to revoke Petitioner's parole and sent him back to prison for an additional five years.

Petitioner did not challenge the Michigan Parole Board's June 2006 decision in the state courts. Rather, on November 15, 2007, Petitioner filed the pending petition for writ of habeas corpus with this Court, raising the following claim:

> I. Petitioner was denied his right to due process under the Fifth Amendment of the United States Constitution, when the Michigan Parole Board failed to proscribe that conduct which would consequently give rise to criminal penalties, and moreover abused its discretion when it modified the terms of Petitioner's supervised release without fair warning, resulting in him being sentenced to a term of sixty-months in the Michigan Department of Corrections.

## II. ANALYSIS

Respondent argues that Petitioner's claim for habeas corpus relief is unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the

state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A prisoner "fairly presents his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Thus, the Court must consider whether Petitioner has an avenue available for exhaustion of this unexhausted claim in state court.

Here, the Court finds that Petitioner's claim is unexhausted. Petitioner did not present his claim to the Michigan Court of Appeals or to the Michigan Supreme Court. Thus, Petitioner still has those avenues of relief available to him.

Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust state court remedies. Petitioner may move to reopen this matter upon exhausting his state court remedies. In order not to "'jeopardize the timeliness of a collateral attack,'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (quoting *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001)), the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the

date Petitioner filed his petition until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state court remedies within sixty (60) days from the date of this order and returning to federal court within sixty days of exhausting his state court remedies.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from the date Petitioner filed the pending petition until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of state court remedies within sixty (60) days from the date of this order and seeks leave to reopen these habeas corpus proceedings within sixty (60) days of exhausting state court remedies.

**SO ORDERED.**

             s/Paul D. Borman
             PAUL D. BORMAN
             UNITED STATES DISTRICT JUDGE

Dated: June 10, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 10, 2008.

             s/Denise Goodine
             Case Manager